# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS AUSTIN HILL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TRATE, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:24-cv-00823-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

　　　　Plaintiff Thomas Austin Hill ("Plaintiff") is a federal prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  The complaint has not yet been screened. (ECF No. 1.)

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel, filed July 17, 2024.  (ECF No. 3.)  Plaintiff requests appointment of counsel because he is an inmate serving a sentence in the United States Penitentiary.  Due to multiple lockdowns, Plaintiff is unable to obtain access to the law library or time outside his cell.  By the time he has a chance to go to the library to work on his case, the prison is on lockdown again.  This is limiting Plaintiff's access and time to work on his legal issues.  (*Id.*)

　　　　Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

1

*grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who must also conduct legal research, obtain discovery, and litigate their cases without the assistance of counsel and with limited access to the law library.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened to determine whether it states a cognizable claim. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 3), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **July 19, 2024**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE