# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS AUSTIN HILL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TRATE, *et al.*,<br><br>　　　　　　Defendants. | Case No.  1:24-cv-00823-KES-BAM (PC)<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 10)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Thomas Austin Hill ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  The complaint has not yet been screened.

　　　　On August 19, 2024, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 10.)  Plaintiff states that he wishes to correct a defendant's name.

　　　　Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

　　　　In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility.  Plaintiff's complaint has not yet been screened and no defendants have been served or have appeared in this action.  Accordingly, Plaintiff's motion to

1  amend shall be granted.  Plaintiff has not specified how much time he needs to file his first
2  amended complaint, but the Court finds that thirty days is an appropriate deadline.

3  Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state
4  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,
5  *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be
6  [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555
7  (citations omitted).

8  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
9  claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no
10  "buckshot" complaints).

11  Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
12  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended
13  complaint must be "complete in itself without reference to the prior or superseded pleading."
14  Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by
15  reference.

16  Accordingly, IT IS HEREBY ORDERED that:

17  1. Plaintiff's motion for leave to file an amended complaint, (ECF No. 10), is GRANTED;

18  2. The Clerk's Office shall send Plaintiff a complaint form;

19  3. Plaintiff's first amended complaint is due within **thirty (30) days** from the date of service
20  of this order; and

21  4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this**
22  **action will be dismissed for failure to prosecute and failure to obey a court order.**

23
24  IT IS SO ORDERED.

25  Dated:  **August 20, 2024**              /s/ *Barbara A. McAuliffe*
26                                            UNITED STATES MAGISTRATE JUDGE

27
28

2