# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS AUSTIN HILL,<br><br>                    Plaintiff,<br><br>        v.<br><br>TRATE, *et al.*,<br><br>                    Defendants. | Case No. 1:24-cv-00823-KES-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>(ECF No. 20)<br><br>ORDER DIRECTING CLERK OF COURT TO RE-SERVE JUNE 11, 2025 SCREENING ORDER (ECF No. 19)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Thomas Austin Hill ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

On June 11, 2025, the Court screened the first amended complaint and found that it failed to state a claim. (ECF No. 19.) Plaintiff was directed to file a second amended complaint or a notice of voluntary dismissal within thirty days of service of that order. (*Id.* at 9.)

Currently before the Court is Plaintiff's request for extension and request that the Court label his mail as legal, filed July 1, 2025. (ECF No. 20.) Plaintiff requests an extension of thirty days because he did not receive the Court's screening order until June 26, 2025, and received only the first two pages of the order. Plaintiff further states that he fears he is being retaliated against, as this is the second time his current institution has failed to deliver documents from the

1

Court, and when he receives mail from the Court it arrives via regular mail. Plaintiff requests that the Court label his mail as Legal so he can sign for it and the dates he receives it are documented. (*Id.*)

Having considered the request, Plaintiff has shown good cause for the requested extension of time. Fed. R. Civ. P. 6(b). Plaintiff's request to have his mail labeled as Legal Mail is also granted, and the Court has directed that Plaintiff's address include the language "SPECIAL MAIL, OPEN ONLY IN THE PRESENCE OF THE INMATE" for all future mail sent from the Court. *See* 28 C.F.R. § 540.18.

Plaintiff is reminded that his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for extension of time, (ECF No. 20), is GRANTED;
2. The Clerk of the Court is DIRECTED to re-serve the June 11, 2025 screening order, (ECF No. 19), on Plaintiff at his current address of record;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court's June 11, 2025 screening order (or file a notice of voluntary dismissal); and

///

4. **If Plaintiff fails to file an amended complaint or a notice of voluntary dismissal in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.**

IT IS SO ORDERED.

Dated: __**July 9, 2025**__          ____/s/ Barbara A. McAuliffe____
                                                           UNITED STATES MAGISTRATE JUDGE